UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:10-cv-00770 LJO MJS HC |
| Petitioner, | |
| v. | ORDER REQUIRING RESPONDENT TO PRODUCE DOCUMENTS |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Janine W. Boomer, Esq., of the Office of the Attorney General for the State of California.

## I. BACKGROUND

On April 22, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On October 8, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot., ECF No. 14.) On October 27, 2010, Petitioner filed an opposition to the motion to dismiss. (Opp'n, ECF No. 16.)

## II. **DISCUSSION**

Petitioner challenges a Rules Violation Report received in response to conduct occurring on June 1, 2006. As noted, Respondent moved to dismiss based upon Petitioner's alleged failure to file his petition within the one year statute of limitations period. However, Respondent has not provided the Court, and the Court does not have, sufficient evidence to determine when the statute of limitations period commenced.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent correctly notes that when a petition challenges an administrative decision, § 2244(d)(1)(D) applies, and the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1081-83 (9th Cir. 2003). However, Respondent asserts that the triggering date in this case was the day Petitioner was issued a Rules Violation Report for

conduct occurring on that same date.[1] (Mot. to Dismiss at 2, Ex. 1.) This assertion is incorrect as is clear from authority cited by respondent: In Shelby v. Bartlett, the Ninth Circuit addressed the petition of an Oregon inmate who challenged the loss of 100 days of "statutory good time" as a penalty for a disciplinary violation. After reaffirming that § 2244(d)(1)(D) governed the timeliness of petitions challenging administrative decisions, the court concluded that "[petitioner] does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day." Shelby, 391 F.3d at 1066.[2]

According to Respondent, Petitioner filed the present petition over 900 days after the statute of limitations period elapsed.  However,  Respondent has not provided the Court with documentation to enable the Court to determine when the statute of limitation period commenced.  Consequently, the Court cannot determine whether the federal petition was timely or not.

To determine whether the Petition was timely or untimely, the Court will direct Respondent to produce all relevant documents relating to the subject Rules Violation Report, determinations thereon, all administrative appeals arising therefrom and/or other documents reflecting the dates of these events. See Rules Governing Section 2254 Cases, Rule 7 ("Rule 7"). As stated in the advisory committee notes regarding the 2004 amendments to Rule 7, "the rule has been changed to remove the reference to the 'merits' of the petition in recognition that a court may wish to expand the record in order to assist it in deciding an issue other than the

---

[1] Respondent suggests that Petitioner committed the conduct in question, was issued a Rules Violation Report, was provided a hearing and found guilty all on the same date, June 1, 2006. Respondent relies on a copy of the Rules Violation Report to support such assertions. However, the Rules Violation Report (attached as Exhibit 1 to the motion to dismiss) does not provide any information as to the date of the hearing or its results.

[2] The Ninth Circuit's application of law in Shelby is not ambiguous or subject to any reasonable interpretation other than a statement that the one-year period begins once a prisoner's administrative appeals process has ended. The other case cited by respondent, Redd v. McGrath, applies the same rule in the context of administrative appeals where a prisoner has been denied parole. This is not an arcane rule unfamiliar to respondent or his counsel. Respondent has been party to numerous cases in this court where the timing rule of Shelby and Redd has been applied. Respondent's assertion that the limitation period begins the day after Petitioner committed the conduct is not justified by authority set forth in the briefing or otherwise.

1 merits of the petition." Rule 7, advisory committee notes.

## **ORDER**

Respondent is hereby ORDERED to produce all relevant documents relating to the June 1, 2006 Rules Violation Report, administrative determinations thereon, all administrative appeals and determinations arising therefrom, and/or other documents reflecting the date of these events. Such documents shall be lodged with the Court within **thirty (30) days** of service of this order.

IT IS SO ORDERED.

Dated: November 19, 2010            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE