# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:10-cv-00770 LJO MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | [Doc. 14] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Janine W. Boomer, Esq., of the Office of the Attorney General for the State of California.

**I.  BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and alleges that his due process rights were violated at a prison disciplinary hearing held on June 12, 2006. Specifically, on June 1, 2006, Petitioner was charged with a disciplinary violation for battery of a peace officer. (Response, Exs. 1-5, ECF No 18-1.) On June 12, 2006, Petitioner was found guilty of the rules violation and assessed a loss of credits of 150 days and placed in the administrative housing unit. (Id., Ex. 2.) Petitioner was given a copy of the rules violation

report on June 20, 2006. (Id.) Petitioner filed a first level appeal regarding the rules violation report on July 5, 2006 alleging staff misconduct. (Id., Ex. 6.) The appeal was partially granted on July 17, 2006. (Id., Ex. 7.) A second level appeal response was prepared by Ken Clark, the warden of California Substance Abuse Treatment Facility and State Prison at Corcoran on August 31, 2006 and processed on September 6, 2006. (Id., Ex. 8.) The second level appeal advised Petitioner that he could submit a further appeal, if desired. (Id.) There is no record that Petitioner attempted to file a director's level appeal. (Id., Ex. 9.)

Starting in September, 2006, Petitioner filed three collateral challenges with respect to the disciplinary hearing in the state courts, all petitions for writ of habeas corpus, as follows:

1. California Court of Appeals, Fifth Appellate District
Filed: September 11, 2006[1];
Denied: September 21, 2006;

2. California Supreme Court
Filed: September 21, 2006[2];
Denied: November 1, 2006;

3. Kings County Superior Court
Filed: September 21, 2008[3];
Denied: November 26, 2008;

(See Mot. to Dismiss, Exs. 3-5.)

On April 1, 2010[4], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On October 8, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on September 14, 2006, pursuant to the mailbox rule the Court considers the petition filed on September 11, 2006, the date Petitioner signed the petition.

[2] Although the petition was filed on September 28, 2006, pursuant to the mailbox rule the Court considers the petition filed on September 21, 2006, the date Petitioner signed the petition.

[3] Although the petition was filed on September 26, 2008, pursuant to the mailbox rule the Court considers the petition filed on September 21, 2008, the date Petitioner signed the petition.

[4] Although the petition was filed on April 22, 2010, pursuant to the mailbox rule the Court will consider the petition filed on April 1, 2010, the date Petitioner signed the petition.

an opposition to the motion on October 27, 2010. On November 19, 2010, the Court ordered further briefing from Respondent. Respondent filed a response to the request for further briefing on December 13, 2010, and Petitioner also filed a response on December 27, 2010.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.   Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

*cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 1, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

On July 5, 2006, Petitioner filed an inmate appeal and alleged that guards involved in his investigation were dishonest. (Response, Ex. 6.) On July 17, 2006, Petitioner received a

response that the appeal was being considered as a staff complaint appeal inquiry, rather than appeal of the disciplinary proceeding. (Id., Ex. 7.) The response specifically stated, "Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process." (Id.) Petitioner submitted a second level appeal regarding the staff complaint appeal inquiry. On August 31, 2006, the appeal inquiry was partially granted. (Id., Ex. 8.) However, again the response stated that the Petitioner could still appeal the adjudication of the rule violation report upon receipt of his final copy, which Petitioner had previously received on June 20, 2006. Petitioner filed no further appeals regarding this incident.

It is unclear if Petitioner's staff complaint appeal inquiry serves as an appeal of the administrative decision. In determining the facts in a light most favorable to Petitioner, the Court shall assume that the statute of limitations commenced after his second level appeal was partially granted on August 31, 2006.

Accordingly, the statute of limitations began to run the next day, September 1, 2006, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

Petitioner would have one year from September 1, 2006 absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until April 1, 2010, over two and a half years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2).

1  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a
2  petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals
3  between one state court's disposition of a habeas petition and the filing of a habeas petition
4  at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,
5  183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state
6  petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court
7  explicitly states that the post-conviction petition was timely or was filed within a reasonable
8  time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.
9  189 (2006). Claims denied as untimely or determined by the federal courts to have been
10 untimely in state court will not satisfy the requirements for statutory tolling. Id.

11  Petitioner filed his first state habeas petition on September 11, 2006, in the Court of
12 Appeal, Fifth Appelate District. At that point, 10 days of the limitations period had elapsed.
13 Assuming the state petitions were properly filed, the statute of limitations is tolled for the time
14 the Petitioner filed his petition with the Appelate Court to when his California Supreme Court
15 petition was denied on November 1, 2006. As 10 days of the limitations period already
16 elapsed, 355 remained as of November 1, 2006. Accordingly, the limitations period expired
17 on October 22, 2007. Petitioner filed another state petition with the Kern County Superior
18 Court on September 21, 2008. However, as the petition was filed nearly two years after his
19 other petitions, it is untimely and has no tolling effect. Velasquez v. Kirkland, No. 08-55823,
20 2011 U.S. App. LEXIS 9502 (9th Cir. May 10, 2011) (filing gaps of more than 60 days may be
21 considered unreasonable); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section
22 2244(d) does not permit the reinitiation of the limitations period that has ended before the state
23 petition was filed.").  The present petition was filed on April 1, 2010. As the petition was filed
24 over two years after the limitation period expired, the petition remains untimely.

25  **D.    Equitable Tolling**

26  The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)
27 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
28 stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v.

1  DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace,
2  544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In his opposition,
3  Petitioner acknowledges that the petition was not filed within the one year statute of limitations.
4  However, Petitioner presents several reasons why the Court should consider his petition timely
5  including Petitioner's placement in administrative segregation and retaliation of prison staff.

      1.     Prison Conditions and Administrative Conditions

7  Petitioner claims that he was unable to timely file his petition due to his placement in
8  administrative segregation and lack of access to the law library copy service. These
9  circumstances are not extraordinary and do not warrant equitable tolling. See Ramirez v.
10  Yates, 571 F.3d 993, 998 (9th Cir. 2009).

      2.     Retaliation of Prison Staff

12  Petitioner alleges that due to retaliatory actions of prison guards, his appeals were not
13  exhausted as the guards prevented them from being mailed. Even if such misconduct
14  occurred and was a ground for equitable tolling, the petition would still be untimely. If Petitioner
15  was unable to file administrate appeals related to his rule violation, such appeals would
16  prevent the statute of limitations from running. However, Petitioner has not alleged any specific
17  occurrence in which this happened nor has claimed that he was unable to file his state or
18  federal habeas petitions. To the contrary, according the Department of Corrections inmate
19  tracking system, petitioner filed many appeals during this time period. (Response, Ex. 9.)

20  Petitioner's federal petition was filed over two years after the statute of limitations period
21  expired. Had Petitioner filed a third level appeal to exhaust his administrative remedies, the
22  process would have taken a matter of months. Petitioner is not entitled to the benefit of
23  equable tolling, and even if he was, it would not explain the several year delay in filing the
24  present petition.

### III.   CONCLUSION

26  As explained above, Petitioner failed to file the instant petition for Habeas Corpus within
27  the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

1  the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not
2  excused from timely filing due to equitable tolling. Based on the foregoing, this Court
3  recommends that Respondent's motion to dismiss be GRANTED.

4  **IV.     RECOMMENDATION**

5  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for
6  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be
7  GRANTED.

8  This Findings and Recommendation is submitted to the assigned United States District
9  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
10 Local Rules of Practice for the United States District Court, Eastern District of California.
11 Within thirty (30) days after the date of service of this Findings and Recommendation, any
12 party may file written objections with the Court and serve a copy on all parties.  Such a
13 document should be captioned "Objections to Magistrate Judge's Findings and
14 Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
15 days after service of the Objections.  The Finding and Recommendation will then be submitted
16 to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
17 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
18 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th
19 Cir. 1991).

21 IT IS SO ORDERED.

22 Dated:    May 26, 2011                          /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE